## Soulé *vs.* Hayward.

Section 74 of the Practice Act, which provides for the arrest of a debtor in certain cases, does not apply in the case of one *partner* sueing to recover money received by another.

A., being the owner of an invoice of goods in the city of New York, sold one half interest therein to B., with an arrangement that the latter should proceed to San Francisco, and there dispose of the same on joint account; *Held,* that this constituted a partnership between them, and that B. was not subject to arrest in an action by A. to recover a part of the proceeds of the sales.

A party will be discharged from arrest, where the process, though proper in form, has been issued in an improper case.

*By the Court,* BENNETT, J.  Application for a discharge under a writ of *habeas corpus.*  The defendant was arrested in a civil suit, under the first subdivision of section 74 of the Practice Act, (*Statutes of* 1850, *p.* 435,) which authorizes an arrest

Soulé *v.* Hayward.

" in an action for money received, or property embezzled, or
" fraudulently misapplied, by a public officer, or by an attorney
" or counsellor, or by an officer or agent of a corporation, in the
" course of his employment as such, or by any factor, agent,
" broker, or other person in a fiduciary capacity." The affida-
vit, upon which the order of arrest was made, charges that the
plaintiff sold to the defendant one half of an invoice of mer-
chandise, and authorized him to proceed from the city of New
York, where the parties then were, to San Francisco, and dis-
pose of the merchandise on joint account, and that the defen-
dant accordingly proceeded to San Francisco, received the pro-
perty, and sold it. The affidavit then states, that the plaintiff
has frequently called upon the defendant for an account of the
sale of the goods, which the defendant has positively refused,
and still refuses, to render, and that the defendant, although re-
quested, has neglected and refused, and still neglects and re-
fuses, to pay over to the plaintiff any part of the proceeds of the
sales.

Is the defendant included within any class of persons desig-
nated in the section of the statute above cited? If so, it must
be upon the ground that he was the *agent* of the plaintiff, or was
acting in a *fiduciary capacity.* Was he the *agent* of the plain-
tiff? We think not. The relation which subsisted between the
plaintiff and defendant was that of partners, and not that of
principal and agent; and although one partner is, for many
purposes, deemed the agent of his co-partner, we think that the
most natural meaning to be attached to the term *agent* in the
statute, is that which limits its application to cases in which the
parties stand in the relation to each other of principal and agent
in the strict legal acceptation of the words.

Did the defendant act in a *fiduciary capacity?* We think
not. These words have a legal signification, and are used to
denote persons occupying the position of guardians, trustees,
&c. But we apprehend that they are never used, in strict le-
gal phraseology, to characterize the relation which one partner
holds to another.

The case, therefore, was not one, in which the judge was au-

thorized to make an order of arrest under the 75th section of the Practice Act. (*Statutes of* 1850, *p.* 435.)

The fourth subdivision of section 20 of the *Habeas Corpus* Act, (*Stat. of* 1850, *p.* 336,) authorizes us to discharge a person under arrest, " when the process, though proper in form, has " been issued in a case not allowed by law." If we are correct in the view above taken, the present case is one in which an arrest is not allowed by law. The defendant should be discharged.

Ordered accordingly.