DAVID BROWN et al.

*vs.*

AUGUST MATTHAUS AND WIFE.

A judgment debtor, and actual as well as beneficial owner of a promissory note, continues to be beneficial owner of the same, although he has transferred and delivered the same (without endorsement) to his wife upon the condition, and with the agreement, that the wife should receive, retain and use the same for his benefit, and in the support of himself and his family.

If the wife with the consent of her husband, and for the purpose of avoiding the application of such note to the payment of a judgment against the husband, transfers and delivers such note to a third person, taking in exchange therefor the note of such third person, payable to her order, and retaining the latter in her possession; the note of such third person may properly be charged with a judgment recovered against the husband, and the husband and wife may properly be ordered to bring

such note into court, that its proceeds may be applied to the satisfaction of the judgment. But unless the third person is made a party to the proceeding, the original note delivered to him cannot properly be charged with such judgment, nor should the husband and wife be ordered to bring it into court.

The plaintiffs, who are judgment creditors of the defendant August Matthaus, brought this action in the Court of Common Pleas, Ramsey County, to have their judgment declared a charge upon certain indebtedness, which they allege the defendant August had transferred to his wife in fraud of their rights. The cause was tried before the Court without a jury. The facts as found by the Court are substantially as follows: On the 18th day of January, 1868, the plaintiffs under the firm name of Ketchum & Co., recovered judgment against August Matthaus for $208.46, and execution was duly issued thereon, and returned unsatisfied July 18, 1868. On the 20th day of July, 1865, one O. J. Noble assigned and transferred to the defendant Amelia Matthaus a certain lease of the store, and ground covered by the same, on the corner of Fort and St. Anthony streets, St. Paul. Some time in the same month, the said August occupied said building and premises in carrying on the mercantile business. In February, 1866, the house was destroyed by fire, and the said August rebuilt the same, and continued to carry on said business there until December 4, 1867, all the time paying the yearly rental with his own means. On said 4th December said August sold out his business, stock in trade, &c., including said lease, to J. A. Chaffee for $1550, and received as part payment therefor a note for $550, signed by Robert P. Lewis, J. A. Chaffee and Thos. H. Pitts, payable to his own order. The balance of the consideration was received by said August and used

for his own purposes. In the negotiations for said sale, the building and lease were estimated at $600. The said August transferred and delivered the said note, without indorsement, to his wife, the said Amelia, upon the condition and with the agreement then made between said defendants, that she, the said Amelia, should receive and retain the said promissory note, and use the same for the benefit of the said August in the support of himself and family, and this agreement was the consideration for the transfer. Afterwards a payment of $50 was made on said note to said August, and used for his own purposes, and groceries amounting to $61.28 were furnished on account of said note, and indorsements to that amount procured to be made by said August. At the marriage of said defendants, said Amelia had some $200, then used in the purchase of furniture, and had earned various sums since which had been used in the support of the said August's family, in all, including the $200, amounting to more than $600. The defendant August had also advanced various sums to his wife. At the time of the transfer of said note, said August was insolvent, and has no property out of which said judgment can be made except the notes sought to be reached by this action. On the 25th day of July, 1868, the said Amelia, with the consent and in the presence of said August, for the purpose of avoiding certain proceedings in said Court, looking to the application of said $550 note to the payment of plaintiffs' judgment, of which the said defendants and said Robert P. Lewis were cognizant, delivered up to said Lewis said note, and, in lieu thereof, took the note of said Lewis for $480.93, payable to the order of said Amelia, which she still holds, and which remains unpaid.

As conclusions of law the Court found substantially, that the said transfer of said $550 note to said Amelia by said

August, was a fraud upon the rights of his existing creditors; that the delivery of said note to said Lewis, and the taking of the new note, cannot place such indebtedness beyond the reach of the process of the Court.

The Court directed the entry of a decree declaring the indebtedness secured by said notes, to be charged with plaintiffs' judgment, and requiring the notes to be brought into Court, and placed in the hands of a receiver, to be disposed of for the purpose of satisfying such judgment. Judgment was entered and the defendant Amelia Matthaus appeals therefrom to this Court. •

GASTON & LEWIS for Appellant.

I.—By virtue of Sec. 2, Chapter 69, General Statutes, a husband may convey to his wife any property, directly, and without the intervention of a trustee, the same as he could to any other person; and that the transfer and delivery, by a husband to a wife, upon an agreement between them that the wife shall retain and use the same for the benefit of the husband, in support of himself and family, such agreement is a good consideration for such transfer and delivery, to the wife the same as to any other party.

II.—As it does not appear that the indebtedness of said August Matthaus to plaintiffs arose before the transfer and delivery by him of said note to said Amelia Matthaus, said delivery and transfer cannot be fraudulent as to said plaintiffs. *Jencks vs. Alexander*, 11 *Paige*, 619.

III.—The Court erred in its findings of law, that the transfer of said note by August Matthaus to Amelia Matthaus was, in law, a fraud upon the rights of existing creditors of said August Matthaus, without finding such creditors to have been creditors at the time of such transfer.

Brown et al. v. Matthaus and Wife.

IV.—Where a husband sells certain distinct items or parcels of property, among which is one parcel, the separate property of the wife, of the value of $600, as estimated by the parties to the sale at the time thereof, and took in part payment of $1550, the purchase price of said property, a note for $550, which was by the husband afterwards transferred and delivered to the wife; the wife having joined with the husband in the said sale of her said property, and it not appearing that the wife has received any other payment or consideration for the said sale of her said property, she being equitably entitled to said note, can hold the same as against the creditors of the husband. *Sec.* 7, *Chap.* 69, *Gen. Statutes ;. Smith vs. Kane,* 2 *Paige,* 303.

V.—The Court having found that the said Amelia Matthaus, before the commencement of this action, delivered up said promissory note for $550, (the same being then due and payable), to one of the makers thereof, and took in lieu thereof another note of said maker for $480.93, (the amount then due on said $550 note), said plaintiffs are not entitled to both of said notes. The Court, therefore, erred in adjudging that defendant, Amelia Matthaus, be compelled forthwith to bring into Court, and place the same in the hands of the Receiver, who shall dispose of or collect the same, and dispose of the proceeds thereof, &c.

Lampreys for Respondents.

I.—The husband, August Matthaus, could not, as against said plaintiffs, transfer the note for $550 to his wife, he being insolvent and unable to pay his debts at the time, upon the agreement that she should receive and use said note "for the benefit of the said August Matthaus in the support of himself and family, nor in any way or manner."

*Stats.*, 335, *sec.* 14 ; 19 *Barb. Rep.*, 450 ; 9 *Cow.*, 73 ; 4 *Cow.'s Rep.*, 211 ; 2 *Ib.*, 365 ; 6 *Hill*, 438 ; 5 *Cow.*, 547 ; 2 *Sandf.*, 594; 2 *Paige*, 54 ; 3 *Minn.*, 389.

II.—The note for $550, and the new note for $480.93, were merely security for the same indebtedness ; and the decision of the court was that that indebtedness should be applied to the payment of said judgment. The said new note, or " evidence of debt," given with the intent to delay, hinder or defraud creditors, " or other persons," of their lawful damages, as against the persons so delayed or defrauded, was void, and could not place such indebtedness beyond the reach of the process of the court. If that fraudulent object can be secured with such facility, then a creditor's bill can be easily defeated in any case. *Stat., p.* 335, *sec.* 18.

III.—This defendant, the wife, cannot take advantage of her own fraudulent acts to defeat the just judgment of the plaintiffs, in any view of it.

IV.—It was necessary that both notes should be brought into court, and placed in the hands of the receiver, and in the custody of the law, so that they could be properly surrendered up or cancelled upon the payment of the indebtedness evidenced thereby, being the same in each, under the directions of the Court, and this course prevents the makers of one from claiming that the other is a defence to either.

V.—The pleadings and the facts found by the Court in this cause, show a wilful attempt on the part of these defendants, and said Robert P. Lewis, one of their attorneys, conspiring together to cheat and defraud the plaintiffs of of their just demand, evidenced by their judgment ; and to cover up the property of said judgment debtor, and place the same beyond the reach of legal proceedings.

*By the Court*—BERRY, J.—It appears from the finding in this case, that on the 18th day of January, 1868, the plaintiffs recovered judgment against the defendant August Matthaus for $280.46; that an execution has been duly issued thereupon, and returned unsatisfied, and that said August has no property out of which said judgment can be made except the notes sought to be reached by this action. Without entering into details, it is enough to say that there is no difficulty in deducing from the facts found, the conclusion arrived at by the Court below, substantially, to wit: that August Matthaus was beneficial owner of the property which formed the consideration of the $550 note; and beneficial as well as actual owner of the note itself at the time when it was made. The Court finds that the said August Matthaus transferred, and delivered without endorsement, to the defendant Amelia Matthaus, his wife, the said promissory note for five hundred and fifty dollars, upon the condi-tion, and with the agreement and understanding, then and there made and entered into, between the said defendants, that she, the said Amelia Matthaus, should receive and re-tain the said promissory note, and use the same for the ben-efit of the said August Matthaus in the support of himself and family. Under this arrangement, August Matthaus would, after the transfer to his wife, continue to be benefi-cial owner of the note. The Court further finds that " on or about the 25th day of July, 1868, the said defendant Amelia Matthaus, in the presence of and with the consent of the said defendant, August Matthaus, and for the pur-pose of avoiding certain proceedings then pending in this Court looking to the application of the said note of $550 to the payment of the aforesaid judgment in favor of said plaintiffs, and against said defendant August Matthaus, and of which proceedings the said defendants and  *  *  Lewis

were cognizant, delivered up to the said  *  *  Lewis the said promissory note for $550, signed by said Lewis, Chaffee and Pitts as aforesaid, and in lieu thereof, took from the said Lewis a promissory note signed by said Lewis, dated July 25th, 1868, for $480.93 and payable one month after date to the order of Amelia Matthaus; that the said promissory note is now, and has been ever since the said 25th day of July, 1868, in the possession of the said Amelia Matthaus, and no part of the same has been paid."

It is hardly necessary to say, that as to the plaintiffs, August Matthaus must be regarded as beneficial owner of this note also.

Judgment was entered, charging the notes above-mentioned with the plaintiffs' judgment, and interest and costs, and directing that the notes and indebtedness evidenced by them be applied to the payment of the plaintiffs' judgment, &c. And the defendants, and each of them, were ordered forthwith to bring said notes, and each of them, into court, and place them in the hands of the clerk to be disposed of, or collected, and the proceeds applied to the satisfaction of plaintiffs' judgment, interest and costs thereon, and costs of this action, &c. If August Matthaus is the beneficial owner of either of these notes, it matters not in whose name the title to the same is, nor in whose possession the notes themselves may be found. In any event, creditors have the right to regard that of which he is beneficial owner as his property, and to insist that it shall be applied to the payment of his just indebtedness. If either of these notes is the property of August Matthaus, and is in the possession, or under the control of the defendants, there is no reason why they should not be compelled to bring it forward.

As to the $550 note, it is found that it was delivered up to Lewis, who appears to have been a surety upon the same.

Brown et al. v. Matthaüs and Wife.

As nothing appears to the contrary, this note would be presumed to remain in the possession of Lewis; and as he is not made a party to this proceeding, there cannot be, as against him, and his rights in the $550 note, any finding or presumption of fraud. As to the $550 note, we are, then, unable to perceive how the judgment can be sustained.

The presumption is, that it is not in the power of the defendants to bring it forward, and as against Lewis, the holder of it, it cannot, in this proceeding, be charged with the indebtedness of the defendants.

But as to the $480 note, we perceive no error in the findings of the Court, or the judgment based thereon. The judgment must, therefore be reversed, unless the respondents will consent to modify the same, in accordance with the views above expressed, in which case, it will be modified accordingly.