## Challenge S. Wheeler v. William F. Arnold.

*Partners: Contribution: Remedy at law: Accounting in equity.* The remedy at law for contribution between two partners after dissolution is admissible; and where there have been no such dealings with assets, and no such private relations with the firm, as to make a settlement difficult, there would be no occasion, under our statutes making discovery obtainable at law by the examination of parties as witnesses, for an accounting in equity.

*Partners: Contribution: Money demand: Remedy at law.* Where there are no assets remaining after payment of the debts, the liability of one partner for moneys advanced to him by the other partner beyond his share of the debts after dissolution, is a simple money demand, which could be settled without any legal obstacle in an ordinary action at law.

*Estates of deceased persons: Claims: Commissioners: Partners: Contribution.* Under our statute concerning the proof of claims against deceased persons, permitting any purely pecuniary claim, involving no complications between more than two contending interests, to be established before the commissioners on claims, such a demand of the surviving partner for contribution would be provable against the estate of his deceased partner, and a resort to equity would not be necessary.

*Estates of deceased persons : Partners : Claim for contribution.* Proof by the surviving partner that he had furnished more than his share of capital, that the capital was all absorbed, leaving large debts and no assets, and that he had paid debts at the request of the deceased, would authorize a recovery against the estate of the deceased partner for contribution; and the refusal of requests to charge which based a right of recovery on such proof, is held error.

*Irrelevant instructions to the jury.* Instructions given to the jury in this case, concerning the prior rights of partnership creditors against partnership funds, are held to be foreign to any thing disclosed by the record which could affect the plaintiff's rights or the defendant's liability in this proceeding.

*Estates of deceased persons : Evidence : Matters equally within the knowledge of the deceased.* Evidence as to what occurred at a time when the deceased was absent, such as the forwarding of property from Michigan, destined for his use, when he was in Texas, and as to the value of the property and transportation, and as to matters which it is not made to appear were specially or at all known to the deceased, is not excluded by the statute (*Comp. L., 1871,* § *5968,*) relating to evidence of matters equally within the knowledge of the deceased.

*Submitted on briefs July 23.     Decided October 13.*

Error to St. Joseph Circuit.

*Edwards & Sherwood,* for plaintiff in error.

*H. H. Riley,* for defendant in error.

CAMPBELL, J.

Plaintiff presented to the commissioners on the estate of his son, George R. Wheeler, a claim involving an ordinary personal liability, and a further claim for moneys advanced by him as his son's partner, beyond his share of the debts of the concern after its dissolution.    The personal debt was allowed, and the claim for contribution disallowed.   He appealed to the circuit court, where the same result was reached; and he now brings error upon exceptions to the rulings on the trial.    The defendant in error did not present any argument in this court, and we shall, therefore, confine our attention to such questions as are absolutely necessary to dispose of the case.

It is apparent, from the verdict, that the case turned at the circuit chiefly on the supposed inability of the plaintiff to obtain a settlement of the partnership affairs in this way. The charges actually given are somewhat ambiguous, but

when construed in the light of the refusals to charge, it is evident that this portion of the claim was not left before the jury in such a way that any recovery would have been possible.      We cannot imagine any other explanation of the verdict.

All the transactions took place during the life-time of both parties.      At the death of George he was or was not indebted to his father for money paid to his use, according as the latter had or had not advanced more than his share of the partnership debts.      Up to that time they had stood in law on the same footing with each other, and with the same relative rights and responsibilities.      There was no occasion for an accounting in equity unless there had been such dealing with assets, as well as such private relations with the firm, as to make a settlement otherwise difficult; and there being only two partners concerned, and discovery being now obtainable as well at law as in equity, there would seem to be no very good reason why the remedy at law would not be entirely adequate.      But, whether this would be difficult or not, it would be admissible to resort to it.

If, as claimed by the plaintiff, there were no assets, or none remaining after the debts were paid, then the liability would be a simple money liability, which could be settled without any legal obstacle in an ordinary action, and no other form of accounting would be required, or specially appropriate.

It is certain that under our statutes concerning the proof of claims against deceased parties, any purely pecuniary claim, involving no complications between more than two contending interests, can be established before the commissioners without resort to equity.      The language of the law is very plain.      It includes "all claims and demands of all persons against the deceased, except in the following cases," those cases being, *first,* where there are no debts; and, *second,* where the estate does not exceed one hundred and fifty dollars, and it is assigned to the family.—*Comp. L.,* §

*4420.* If there are any cases where the survivor of two partners might have the right to resort to equity for relief, he cannot be compelled to do so to collect a mere money demand.

The court erred in deciding that a settlement of accounts must precede the presentation of such a claim. The whole matter is open to proof after the claim is presented, as it is in any other claim. If it was not intended by the court to require the settlement as a condition precedent—upon which the charges are not entirely free from ambiguity— then the plaintiff was practically deprived of his right to recover any thing by the refusal of the court to give his second and third requests, which based his right to recover on proof that he had furnished more than his share of capital, that the capital was all absorbed, with large debts and no assets, and that he had paid debts at the request of the deceased.

These requests placed the right to recover upon very narrow grounds, and it certainly cannot be said that plaintiff asked any more than he was entitled to. It would be difficult to conceive how any further condition could be suggested, with which he must comply, before recovering contribution.

The effect of the refusal, and of the charges actually given, was not only to shut out proof of the payment of debts, but to deprive plaintiff of all benefit of the admission of liability by the deceased, which had been submitted, though in a very qualified way, by another portion of the charge.

We think, too, that the charges given concerning the prior rights of partnership creditors against partnership funds, were foreign to any thing we have discovered in the record which could affect the plaintiff's rights, or the defendant's liability in this proceeding. The reason for requesting them is not apparent.

Some questions arose concerning the admissibility of testimony from the plaintiff, about matters claimed to come

within the statute precluding him from testifying to what "must have been equally within the knowledge" of the deceased.—*C. L.*, § *5968.*

Most of the facts sought to be introduced by his testimony related to what was done in the absence of the deceased, including the forwarding or removal of property destined for his use, he being in Texas, and the transactions being confined to occurrences in Michigan, and on the way between the two states. Some testimony referred to the value of property and transportation. These matters could not, for the most part, be known to deceased at all, and his only information must have been hearsay. It is not, therefore, necessary to go into any examination of the statute, which cannot possibly apply to such facts. Some other testimony appears to have been shut out, without any thing to show that the facts were specially or at all known to the deceased. But we do not deem it important to consider these, or the other remaining questions, which will not probably arise again.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.