GEORGE D. NEWBY v. SAMUEL B. HARRELL and C. W. HARRELL.

*Partnership—Negligence—Judge's Charge.*

1. While the general rule is, one partner cannot maintain an action against his copartner to recover money which might have been taken into account of the partnership, until after a settlement, he may sue before such settlement to recover for the wrongful conversion or destruction of the joint property, or for the loss or destruction of his individual property used in the business, resulting from the negligent use by the other partner.

2. One who uses machinery in his business is bound to provide it with such appliances as will ensure the safety of the property of others ; and for any loss resulting from such failure he is responsible to the sufferer in damages, unless the latter, by his want of care, contributed to the loss.

3. The Judge is not required to give instructions asked, and to which the party is entitled, in the words or in the order in which they are presented ; it is sufficient if they are substantially given.

CIVIL ACTION, tried before *Graves, J.,* at Fall Term, 1887, of the Superior Court of PERQUIMANS County, to recover damages alleged to have been sustained by the burning of gin, gin-house, &c.

In August, 1883, the plaintiff and defendants entered into an agreement " to run a gin at G. D. Newby's house, jointly."

The defendants were to furnish an engine and fireman, and two hands to perform any work in connection with the ginning. The plaintiff was to furnish a house and gin and press, and three hands—fit up the gin and press and house at his own expense, but the defendants to furnish " the money, if he should need it, to run the whole business, at 8 per cent. interest upon the amount used."

The plaintiff was also to furnish " his own oil and fixtures to engine, &c." The plaintiff was to have control and " give

it his attention," and the gin was to be responsible for repairs done on the same. They were to divide the profits equally.

They continued to operate under this contract till November 6th, 1885, with one modification, to-wit: in the summer of 1884, the plaintiff, being about to leave his farm to live in Hertford, told defendants that he would have to hire some one to take his place, to which they agreed, and he did hire a man, but the defendants having complained that he was not competent the plaintiff discharged him and employed another at once, who remained till the fire. The engine and appliances in use at the time of the fire were the same that had been used constantly since the contract was entered into. The property was destroyed by fire about November 5th, 1885.

The defendants introduced evidence tending to show that the engine and appliances, including spark arrester and smoke stack, were complete and of the proper kind; that they did not live at or near the gin, and that no notice or complaint of any defect in the engine, spark arrester or other appliance was made to them till two days before the fire, when they were informed by the man in charge in Newby's place that the engine needed work; that they immediately sent one Coppage, who was a competent machinist, to repair it, who, on the day before the fire, put it in proper condition, and no other complaint was made.

They further offered evidence tending to show that the house furnished by plaintiff was not a proper and sufficient one; that the roof was decayed and inflammable; that they complained of its condition, but that the plaintiff failed to remedy the same, and the fire occurred because of its condition.

The plaintiff offered evidence tending to show there was no spark arrester, and that the fire was the result of its absence; that notice and complaint was made to the defendants of the condition of the engine a month before they sent

Coppage to repair it, and that Coppage was incompetent; and that when such complaint was made the defendant, S. B. Harrell, promised to provide the engine with a spark arrester at once and failed to do so at all; that the plaintiff knew nothing about machinery; that the defendants had sole management of the engine; that the defendant, C. W. Harrell, was present at the fire; that the house and roof were repaired at the commencement of the business and were in proper condition; and that no complaint was made by the defendants that they were not in proper condition. The only negligence of which any evidence was offered by plaintiff was as to the engine.

The defendants asked the Court to charge as follows:

"That the plaintiff and defendants were partners at the time of the fire, and the plaintiff cannot recover in this action; that if the plaintiff knew that there was no spark arrester, and that there was danger because there was none, and failed to notify the defendants, but continued with this knowledge to use engine without it, he cannot recover in this action; nor can he recover though he notified the defendants, if the defendants on receiving the information did all that a prudent man ought to have done to have the danger removed.

"By the terms of the contract the control of the business and engine was in the plaintiff, and if he failed to notify the defendants that the engine was dangerous because of the absence of the spark arrester, or to remedy the same, but continued to work it in that condition, he cannot recover in this action.

"Although the partners retained the title of the property, yet during the continuance of the copartnership the property belonged to the copartnership and was under control of the plaintiff.

"If the plaintiff occupied and acquiesced in the engine and appliances furnished by defendants, with full knowl-

edge of these defects, if they existed, he cannot recover in this action."

The Court refused to give instructions requested except so far as they are embodied in the charge given as hereinafter set out.    Defendants excepted.

The Court charged as follows:

1. The legal effect of the contract is, the plaintiff and defendants are copartners in the business of ginning cotton, the plaintiff retaining title to his gin and gin-house, except, so far as it is necessary for the business to be engaged in, to place the property under control of the copartnership, and the defendant in like manner retaining title to the engine and fixtures.

2. The peculiar provisions of this contract of copartnership, as between the parties themselves, leaves the parties each the owners of the property used in the copartnership, except so far as it was needed for the business of the copartnership, and the defendants are responsible to the plaintiff for the want of the care which a man of ordinary prudence would use; and on the other hand the liability of the defendants for the want of due care would be removed if the injury to the plaintiff was the result of his own negligence or want of care.

3. It then becomes necessary for you to determine how the truth is in regard to the negligence or want of proper care on the part of the defendants, and therefore the first issue is submitted to you: and also to determine whether the plaintiff, by want of proper care, has contributed to the alleged injury, and therefore the second issue is submitted to you.

4. If one uses in his business machines, the machines so used ought to be such as are properly supplied with proper appliances to provide for safety in the operation of them. If, then, in operating steam engines with greater security from fire, spark arresters are necessary, and men of ordinary

prudence in business use them, the defendants used their engine without such arrester, they would, in that regard, be guilty of negligence. It is not necessary that the appliances should be of any particular kind or in any particular place, but they must be of such kind and placed in such position as are provided by men of ordinary prudence in machines of the same kind. If the defendants used such appliances for arresting sparks and diminishing the danger of fire as are used by men of ordinary prudence, then they would not be guilty of negligence on that account.

5. If the defendants did not use due care they would not be liable for loss unless the loss arose from that negligence. It then becomes necessary to determine whether plaintiff's loss was caused by defendants' negligence, and the plaintiff must satisfy you that the fire originated from the engine of the defendants, and that the engine did not have the proper appliances for diminishing the danger of fire.

6. The contract gave to the plaintiff the control of the business, at least to the extent of general supervision, and if the plaintiff with the consent of the defendants employed another to do the work required of him, it would not affect the right of the plaintiff to recover, if the work was done as required of the plaintiff.

7. Although the defendants may have been guilty of negligence, if the plaintiff was guilty of contributory negligence he would not be entitled to recover any damages. If the loss was the direct result of plaintiff's want of due care, then the loss is the result of his own negligence, and he is said to be guilty of contributory negligence.

8. If the plaintiff and defendants were partners and the plaintiff had general oversight of the business; if the steam engine furnished by the defendants was defective because there was no spark arrester, and the plaintiff knew there was danger because there was no spark arrester, and knowing this danger he continued to use the engine in that condi-

tion, he was not using due care, and if the loss was the direct result of such want of care it was contributory negligence; but if he or his agent notified the defendant of the defective engine, and after having been notified of the defect the defendants failed to have the defect repaired, then it would not be contributory negligence on the part of the plaintiff.

9. If the defendants were notified of the defect in the engine and failed to repair or have it repaired within reasonable time, they would be guilty of negligence, and if loss result from such negligence then the defendants are liable. A failure to repair for a day or two would not be unreasonable delay. A failure to repair for a month would be unreasonable delay.

The defendants objected to charges 1, 2, 3, 4, 5, 6, 7, 8 and 9, &c., as given.

One Boyce, a juror, was challenged by defendants for cause, that he had served on a jury in this Court within two years. It appeared that Boyce was of the regular panel, and had been engaged as a juror in the trial of a capital felony on the day before. When the verdict in the capital felony was rendered the night before the Judge said to the jurors: " The talesmen are discharged, and such of the regular panel as wish to do so may go home to-night and will not be required to return. Those who remain will be in attendance upon the Court to-morrow morning."

The juror Boyce did not go home and was in the Court next morning and took his seat in the jury box, having been called in by the Sheriff. The Court held that Boyce was a regular juror, and that the ground of challenge was not sufficient. The defendants excepted and exhausted their challenges.

The defendants asked the Court to submit the following issues to the jury:

1. Did defendants, by negligently failing to furnish a sufficient spark arrester and smoke stack to their engine, set fire to and burn defendants' property? Did plaintiff accept as sufficient the engine and appliances furnished by the defendants, including spark arrester and smoke stack?

2. Did the plaintiff and defendants engage in ginning cotton in 1883, under the contract set out in the complaint?

3. How much does plaintiff owe defendants?

The Court refused these issues, and submitted the following:

1. Did defendants set fire to and burn the property of the plaintiff, mentioned in the complaint, by their carelessness?

2. Did plaintiff by his conduct contribute to the alleged injury?

3. What damages has plaintiff sustained by reason of defendants' negligence?

Defendants excepted.

The response to the first issue was " Yes," to the 2d " No," and to the 3d " $1,660."

*Messrs. T. G. Skinner* and *J. H. Blount,* (by brief) for the plaintiff.

*Messrs. John Gatling* and *Leroy Smith,* for the defendants.

DAVIS, J., (after stating the case). 1. The first exception is to the refusal of the Court to give the instructions asked for.

The Court is not required to give instructions, though proper and such as the party is entitled to, in the very terms asked; and if such as are asked for, to which the party is entitled, are embodied, substantially, in the charge as given, it is not error. In this case the instructions asked for were substantially given, except the first, and that presents the question: Can one partner maintain an action against a co-partner for injury to his separate and individual property

used in the copartnership business, if such injury is the result of negligence or tort of the copartner?

It may be laid down as a general rule, that before one partner can sue another partner at law, the settlement of the firm must be complete, and his right to recover only arises after a settlement of all partnership business. *Graham* v. *Holt*, 3 Ired., 300; or, as laid down by Collyer on Partnership, § 269, one partner cannot maintain an action against a copartner to recover money, when the sum sought to be recovered might be placed as an item in the partnership account. Among the exceptions to the general rule is the right of one partner to maintain an action against another for the destruction of the joint property, or its wrongful conversion. *Lucas* v. *Wasson*, 3 Dev., 398; Collyer on Partnership, § 382. If one partner may maintain an action against another for the destruction of the joint property, *a fortiori*, may the action be maintained when the property destroyed is the individual property of a partner used in the business of the partnership?

2. The defendants' second exception is to the entire charge of the Court as set out in the record, without specifying or pointing out the errors therein, or the grounds of exception. This is too indefinite, but we have examined the charge of his Honor, *seriatim*, in view of the conflicting evidence, and no error appears to us.

3. The third exception cannot be maintained. Boyce was a regular juror, and there was nothing disqualifying in the facts settled.

4. Exception is taken to the judgment, but upon what ground is not stated. It follows the verdict, and we can see no objection to it.

Affirmed.