THE CLINTON LOAN ASSOCIATION v. J. A. AND T. M. FERRELL.

*Partnership—Partner Surety on Note given to the Firm— Statute of Limitations.*

The statute of limitations does not begin to run in favor of a member of a partnership who has indorsed the note of an outside party to the firm until the appointment of a receiver to collect the assets or other settlement of the firm's affairs.

CIVIL ACTION, tried at February Term, 1894, of SAMPSON Superior Court, before *Brown, J.,* and a jury.

The notes sued on were all in this form, or substantially so:

"CLINTON, N. C., ____, 187__.

"Ninety days after date we promise to pay A. F. Johnson, Cashier, at the office of the Clinton Loan Association,

_____, with interest at eight per cent. per annum from and after date of maturity, for loaned money."

It was admitted that the Clinton Loan Association (joint stock company) was a partnership; that both the defendants, at the time of the execution of the notes, were stockholders therein, and that J. A. Ferrell was a member of the Board of Directors.

It was also admitted that the defendants were sureties on the notes sued on, and that the officers of the Clinton Loan Association knew it at the time of making the loans; and that before the beginning of this action more than three years had elapsed since the maturity of said notes and the last payment thereon.

His Honor held that the fact of suretyship did not change the rule laid down in *Faison* v. *Stewart*, 112 N. C., and that the notes were not barred, and the defendants excepted.

All the facts being admitted, judgment was rendered for plaintiff for the notes without interest, and defendants appealed.

*Mr. R. O. Burton*, for plaintiff.
*Mr. F. R. Cooper*, for defendants (appellants).

BURWELL, J.: The contracts which the plaintiff receiver seeks to enforce in this action were made by the defendants with the partnership of which they were members, and related solely to a partnership matter and affected the partnership assets. They contracted that they would be sureties to the firm for the repayment of money loaned by the firm to certain persons. While the partnership continued no suit could be brought by the firm against the defendants, for in such a suit the appellants would necessarily have been both plaintiffs and defendants. Because no suit would

lie, the partnership continuing to exist, to enforce the defendants' liability to the firm evidenced by the notes sued on, the statute of limitations would not run in defendants' favor until the appointment of a receiver to collect the assets of the partnership and apply them to the payment of the liabilities of the firm.    If that one of the defendants who was a director of the business was allowed by plea of the statute of limitations to escape his liability on these contracts, we would have the singular spectacle of the law allowing the neglect of duty on the part of an agent to work his advantage and the disadvantage of his principal. It is sufficient, however, in this action to say that the plea of the statute of limitations cannot protect the defendants for the reason above stated.

We have examined the following cases, to which we were referred by the counsel for defendants, and do not think that they sustain his contention : In *Carpenter* v. *Greenop,* 74 Mich., 664 (16 Am. St. Rep., 662), it is decided that the indorsee, though after maturity, of a note of a firm payable to one of the firm may maintain an action on it against the firm.    In *Stitheimer* v. *Toms,* 114 N. Y., 501, the action was by the assignee of one partner against the firm. *Bull* v. *Cole,* 77 Cal., 54 (11 Am. St. Rep., 235), was a suit by one partner against another to recover a loan which was not a partnership transaction.    There it is said : "It is well settled in this State, as elsewhere, that one partner cannot sue another upon a demand arising out of the partnership transactions in the absence of a settlement of the accounts." This rule meets any contention of the defendants that the other partners might have sued them on their contract of suretyship, the notes in suit, for they were surely partnership transactions, being between the partners about partnership funds.    *Bates* v. *Lane,* 62 Mich., 132, was an action by one partner against another to recover a *personal* debt

due by one to the other. In *Conner* v. *Prince*, 12 Am. Dec., 649, which was cited, it is expressly decided that "unless there is a *settlement* and an express promise to pay, one partner cannot maintain an action at law against the other." In *Bonaffe* v. *Fenner*, 14 Minn., 212, the action was brought by the assignee of one partner on a note signed by the other partners and payable to him.

It appears, therefore, that none of the cases cited fit the case under consideration, and that it is in accord with the authorities as well as justice and reason that the defendant partners shall not be allowed by plea of the statute of limitations to escape their liability on these contracts and thus add to the burdens of their copartners in the final settlement of the affairs of this insolvent firm.          Affirmed.