LEDFORD v. EMERSON.

(Filed December 15, 1905).

*Partnership—Options—When Actions at Law Maintainable —Arrest and Bail—Fraud.*

1.  During the continuance of a partnership, one partner cannot sue another on any special transaction which may be made an item of charge or discharge in a general partnership account.

2.  One partner, during the continuance of the partnership, cannot ordinarily bring trover or trespass against the other by reason of acts concerning partnership property, unless the same be destroyed or removed entirely beyond the reach or control of the complaining party.

3.  Where a partnership has terminated and all debts have been paid and the partnership affairs otherwise adjusted or where the partnership was for a single venture or special purpose which has been closed, and nothing remains but to pay over the amount due, in either case an action will lie in favor of one against the other.

4.  Where an action at law will lie by one partner against another, if the facts bring the claim within the provisions of our statutes on arrest and bail, the plaintiff is entitled to this ancillary remedy.

5. When the plaintiff sues to recover his share arising from a sale of certain options on land, which the plaintiff took in the name of the defendant under an agreement that the defendant was to advance the incidental expenses, sell the options and divide the profits equally, it was error to discharge an order of arrest of the defendant allowed upon proof of fraud on his part in connection with the sale of the options.

ACTION by J. P. Ledford against A. S. Emerson, pending in the Superior Court of CHEROKEE, and heard by *Judge W. H. Neal,* on October 27, 1905, upon a motion to set aside an order of arrest and relieve the bail.

The principal action was instituted in July, 1903, to recover plaintiff's share arising from a sale of certain options on land situated in north Georgia, same having been procured by plaintiff in the years 1900, 1901, etc., and sold by defendant in April, 1903, at a price of $10,000. The allegation and testimony of plaintiff tended to show that plaintiff procured a large number of options on land in north Georgia, took same in the name of defendant under an agreement that defendant was to advance the incidental expenses, sell said options and divide the profits equally with the plaintiff; that defendant, having sold said options at the price of $10,000, fraudulently concealed the facts from plaintiff, paid plaintiff $250, which plaintiff took under false and fraudulent assurances as to the disposition of the options, giving defendant his receipt in full, and defendant had failed to make any other or further payments to plaintiff by reason of said deal, etc.

As ancillary to the principal action, an order of arrest was issued in the cause on affidavits duly made on February 15, 1904, and defendant was arrested thereunder and held to bail. There was a motion to discharge the order of arrest. Motion allowed and plaintiff excepted and appealed.

*Axley & Axley, E. B. Norvell* and *Busbee & Busbee* for the plaintiff.

*Ben Posey* and *Dillard & Bell* for the defendant.

HOKE, J. The judge below on the hearing, found the facts contained in the plaintiff's affidavits to be true, and held, as a matter of law, that on these facts, there was no right shown to arrest the defendant. His Honor thereupon discharged the order of arrest and entered judgment exonerating the bail from any and all liability by reason of his suretyship.

This, as we understand, was on the idea that the facts disclosed a case of partnership, and in such case, there was no legal right in one partner to cause the arrest of another.

It is a well recognized principle that during the continuance of a partnership, one partner cannot sue another on any special transaction which may be made an item of charge or discharge in a general partnership account. This has sometimes been put on the ground that such a suit would necessitate that the party complained of should be both plaintiff and defendant. But I apprehend a reason of more moment is that as to such a transaction, till a full accounting is had, it cannot be ascertained or declared what portion of such claims belong to the one or the other; and so it is true that one partner, during the continuance of the partnership, cannot ordinarily bring trover or trespass against the other by reason of acts concerning partnership property, unless the same be destroyed or removed entirely beyond the reach or control of the complaining party, for one has no more right to deal with the property than the other. Where, however, the partnership has terminated, and all the debts having been paid and the partnership affairs otherwise adjusted, nothing remains to be done but to pay over an amount due from one to the other, to be ascertained by a reckoning as to one special item or even several items—the matter presenting no complication of any kind—as in *Clark v. Mills,* 36 Kansas, 393; or where the partnership was for a single venture or special purpose which has been closed, and nothing remains but to pay over the claimant's

share of the proceeds, as in *Jacques v. Hulitt,* 16 N. J. Law, 38—in either case, an action would lie in favor of one against the other. George on Partnership, 304; Bales on Partnership, 865, 866; *Clark v. Mills,* and *Jacques v. Hulitt, supra; Musier v. Trumpbour,* 5 Wend., 274; *Moran v. LeBlanc,* 6 La. Ann., 113; *Wheeler v. Arnold,* 30 Mich., 304.

In *Clark's case, supra, Holt, P. J.,* for the court, said: "There were no debts to be paid, no money to be collected, no property to be disposed of; and under the facts of the case it was purely a pecuniary demand involving no complications that could not properly be determined in a justice's court.

In *Wheeler v. Arnold, supra,* it is held: "The remedy at law for contribution between two partners after dissolution is admissible, and when there have been no such dealings with assets and no such private relations with the firm as to make a settlement difficult, there would be no occasion, under our statutes making discovery obtainable at law by an examination of parties as witnesses, for an accounting in equity."

In *Jacques v. Hulitt, supra,* it is held: "A mutual covenant to divide the proceeds of a certain crop, if it be a partnership, is so only for a special purpose and terminates as soon as the crop is sold; and an action lies by one of the parties against the other for any balance due thereon to the plaintiff from the defendant without resorting to the action of account render."

This being the correct doctrine, and an action at law maintainable, if the facts bring the claim within the provisions of our statutes on arrest and bail, no reason occurs to us why the plaintiff should be deprived of this ancillary remedy. The statute (Code, section 291, sub-section 4,) provides that when a defendant has been guilty of fraud in contracting the debt or *incurring the obligation* for which action is brought, or for concealing or disposing of property, or to recover damages for fraud or deceit, an order for arrest may be

issued; and it has been held in *Powers v. Davenport,* 101 N. C., 286, that such an order is proper when there has been fraud committed after contracting the debt, as by concealing property or other devices for defeating the creditor.

Here is allegation and ample evidence to sustain it, charging intentional fraud throughout the entire transaction on the part of the defendant and the judge below has found that these charges are true: a fraudulent design in having the options drawn in the name of the defendant; a fraudulent effort and purpose in concealing the sale from the plaintiff; false and fraudulent statements in procuring from the plaintiff a receipt in full, etc. We must not be understood as holding that no right of arrest can ever exist where the partnership has terminated and the affairs are so complicated that, in order to a proper settlement, an action in the nature of a bill in equity for an account is required. We have only elaborated the position that the right of arrest may exist when an action of law would lie with a view of confining the decision to the points required by the facts of the case before us. The court is referred to the case of *Soule v. Hayward,* 1 Cal., 345, as authority supporting the defendant's position, but this was a case construing the California statutes, that a partner was not included under the term "agent" in their statute on arrest; and the propositions here discussed do not seem to have been presented or considered by the court.

There was error in allowing the defendant's motion, and the order to that effect will be set aside.

Error.