## B. N. PUGH v. J. R. NEWBERN.

(Filed 23 February, 1927.)

**Arrest and Bail—Partnership—Misappropriation of Funds—Accounting —Reference.**

> In matters of partnership one of the parties may not recover in an action against the other for misappropriation of partnership funds until a balance has been struck, or some definite amount has been legally ascertained to be due the plaintiff, and where the controversy requires a reference to ascertain whether any amount is due by the defendant, it is reversible error for the trial judge to order his arrest, and require a bail bond from him.

CIVIL ACTION, before *Nunn, J.,* at December Term, 1926, of CAMDEN.

The plaintiff alleged that he and the defendant entered into a partnership agreement in January, 1926, for the purpose of contracting with farmers to raise Irish potatoes for said partnership during the year of 1926. That they were to pay the farmers raising potatoes a certain price and should furnish the potatoes, fertilizers, barrels and barrel covers in equal amounts; that the potatoes should be shipped in the name of the defendant, who was to receive the proceeds from the sale thereof, and that out of the proceeds, after deducting the full amount of expenses for fertilizers, potatoes, barrels and barrel covers, that the profit should be equally divided between the plaintiff and the defendant, and any loss should be borne equally. That according to the terms of the agreement the plaintiff was to furnish fertilizer and the defendant was to furnish potatoes at cost, and that each of said partners should pay one-half of the other expenses. It was further alleged on the part of plaintiff that there were outstanding debts for potatoes and barrels and other expenses amounting to several thousand dollars, and that the defendant collected the proceeds from the sale of potatoes amounting to $22,244.47, and has "wrongfully and unlawfully converted the same to his own use and refused to pay over to the plaintiff the amount due upon the indebtedness under the contract, and to the plaintiff his part thereof. That he claims he has spent the money and has not applied it as he was compelled to do under the contract and under the law," and that the defendant "has wrongfully and unlawfully and fraudulently taken the proceeds from the said potatoes and converted the same to his own use and used the same for his own purposes."

The plaintiff further alleged "that it is necessary to have an account taken of the dealings between the plaintiff and the defendant showing the amount that is due to the different parties under the contract in this case. That a balance shall be struck showing the amount of funds in the hands of defendant under this contract, and that judgment should

be rendered against him in favor of plaintiff for the full amount of moneys in his hands, wrongfully, unlawfully and fraudulently converted to his own use, and that the proceeds therefrom shall be used first to pay any amounts that may be due to the parties under this contract for raising the potatoes, for barrels furnished, for hauling, and for fertilizer, and after the payment thereof for one-half the net proceeds under this contract between the plaintiff and the defendant.

Wherefore, the plaintiff prays the court that an account be taken showing the amounts advanced by each party, the amounts due under this contract to various parties, the amount of money received by the defendant, the amount he has paid out and that judgment shall be rendered against him for twelve thousand dollars, the amount due to the plaintiff, and for the cost of this action, and for such other and further relief as the nature and circumstances of the case may demand."

The defendant answered, admitting the contract of partnership and that the potatoes were to be sold in the name of the defendant, and that the net profit, after the payment of all expenses and the usual commission for making sales, should be divided equally between the plaintiff and the defendant, and further that certain moneys were expended by the parties under the supervision of the plaintiff, who "has failed and refused to render a statement or account thereof." That "at the time of said dealings between said parties, the plaintiff was engaged in selling seed potatoes, barrels and barrel covers, as well as fertilizer, on his own account and for his individual profit, and was further engaged in buying Irish potatoes for and on acco͠ʳ ͠ᵗ of this defendant; that, after said contract was made, the defendant not only furnished and delivered plaintiff barrels, covers and seed potatoes, . . . but also a large number of barrels of seed potatoes and barrel covers in addition thereto, . . . and because of plaintiff's failure to render a statement or account of his dealings as aforesaid, the defendant has no knowledge or information sufficient to form a belief as to the number or value of the barrels of seed potatoes or barrel covers used to carry said contract into effect. . . . That during the period of dealings between himself and the plaintiff he has turned over to the plaintiff from time to time large sums of money for which, as aforesaid, plaintiff has failed to render to the defendant any statement or account."

The defendant further denied that he has failed or refused to pay over to the plaintiff any amount due him, and avers "that no portion is or can be due to the plaintiff until there has been a full accounting and settlement of the partnership affairs so as to ascertain whether the same resulted in a profit or loss."

After filing the complaint, the plaintiff made an affidavit and secured an order of arrest for the defendant from the clerk of the Superior

Court of Camden County, in which order of arrest the defendant was held to bail in the sum of ten thousand dollars. Thereupon, the defendant made a motion to vacate the order of arrest and to release and discharge the defendant and his sureties "from any and all obligations under and by reason of their execution of the bond heretofore executed in said cause." Thereupon, the motion to vacate said order of arrest was heard by the judge, who declined to vacate the order of arrest or discharge the defendant and his sureties.

Whereupon, from this judgment, the defendant appealed to the Supreme Court.

*Aydlett & Simpson* for plaintiff.
*McMullan & LeRoy* for defendant.

BROGDEN, J. The question of law presented is this: Has one partner the right to have the other partner arrested for an alleged wrongful conversion of partnership funds in a civil action brought for an accounting?

The general rule is that one partner cannot sue another partner at law until there has been a complete settlement of the partnership affairs and a balance struck. *Graham v. Holt,* 25 N. C., 300; *Newby v. Harrell,* 99 N. C., 149; *Loan Association v. Ferrell,* 114 N. C., 301; *Ledford v. Emerson,* 140 N. C., 288; *Dowd v. Holbrook,* 152 N. C., 547; *Martin v. McBryde,* 182 N. C., 175.

Thus, in *Loan Association v. Ferrell, supra,* the following principle of law was approved: "It is well settled in this State, as elsewhere, that one partner cannot sue another upon a demand arising out of the partnership transaction in the absence of a settlement of the accounts." Again, in *Ledford v. Emerson, supra, Justice Hoke* declares the law thus: "It is a well recognized principle that during the continuance of a partnership, one partner cannot sue another on any special transaction which may be made an item of charge or discharge in a general partnership account. This has sometimes been put on the ground that such a suit would necessitate that the party complained of should be both plaintiff and defendant. But I apprehend a reason of more moment is that as to such a transaction, till a full accounting is had, it cannot be ascertained or declared what portion of such claims belong to the one or the other; and so it is true that one partner, during the continuance of the partnership, cannot ordinarily bring trover or trespass against the other by reason of acts concerning partnership property, unless the same be destroyed or removed entirely beyond the reach or control of the complaining party, for one has no more right to deal with the property than the other." This general rule is supported by the decided

weight of authority. Many of the leading authorities are collected in a valuable note found in 21 A. L. R., p. 12.

There are, however, well established exceptions to the general rule. A partner may maintain an action at law against his copartner upon claims growing out of the following state of facts:

1. Claims not connected with the partnership.

2. Claims for an agreed final balance.

3. Claims upon express personal contracts between the partners.

4. Failure to comply with an agreement constituting a condition precedent to the formation of the partnership.

5. Where the partnership is terminated, all debts paid, and the partnership affairs otherwise adjusted with nothing remaining to be done but to pay over the amount due by one to the other, such amount involving no complicated reckoning.

6. Where the partnership is for a single venture or special purpose. which has been accomplished, and nothing remains to be done except to pay over the claimant's share.

7. When the joint property has been wrongfully destroyed or converted.

8. When one partner has been guilty of fraud in contracting the debt or in incurring the obligation or by concealing the property or by other device defeating the rights of the complaining party. *Newby v. Harrell, supra; Ledford v. Emerson, supra; Martin v. McBryde, supra; Owen v. Meroney,* 136 N. C., 475.

In the case now under consideration the trial judge found no facts, but it clearly appears from the pleadings that there are serious disputes of fact between the parties, the settlement of which will require a more or less complicated reckoning. By fair interpretation, the complaint is based upon the theory of an accounting between the parties. There is no allegation of fraud in the making of the contract itself, as appeared in the case of *Ledford v. Emerson, supra,* and, as the entire case rests upon the theory of an accounting and an adjustment of contrary demands between the parties, it does not fall within the boundaries of any of the exceptions recognized by law. Hence, it cannot be ascertained what portion of the money in controversy belongs to each of the parties or whether, indeed, any part thereof would belong to the plaintiff.

Therefore, we are of the opinion that the arrest of the defendant was improvidently granted, and that the trial judge was in error in refusing to vacate the order of arrest made in the cause.

Reversed.