## CARROLL v. McKALE.

Principal and Agent—Replevin—Title to Support.

An agent for the exchange of property, who fraudulently retains the goods received in exchange, and turns over to his principal other goods of an inferior quality, the principal in no way acquiescing therein, cannot maintain replevin against one who levies upon the goods retained by him under an execution against the principal, although the latter has failed to tender back the goods which he has received.

Error to Ingham; Person, J. Submitted November 19, 1896. Decided December 24, 1896.

Replevin by Joseph E. Carroll against William H. McKale. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Arthur D. Prosser*, for appellant.

*Samuel L. Kilbourne*, for appellee.

Montgomery, J. This is an action in replevin for a Columbia bicycle, taken from possession of defendant, who, as deputy sheriff, seized the same on a writ of execution in favor of Fred Haines, and running against the property of one Smoyer. The issue was whether the property was the property of Smoyer at the time of its seizure, or the property of plaintiff. The circuit judge directed a verdict for plaintiff, and the question is whether there was any testimony tending to support the title of Smoyer.

There was testimony on the part of the defendant which tended to show that Smoyer was the owner of an equity in a piece of property in the city of Lansing, which was considered worth $130. Plaintiff is a real-estate agent. Smoyer employed him to make a trade of his equity in the

property referred to for a Columbia bicycle, and agreed with plaintiff that, in case he effected a trade, he (Smoyer) would pay plaintiff by drawing him six perch of stone. Plaintiff traded the equity for the Columbia bicycle. Instead of turning over to Smoyer the Columbia bicycle which he received, and which, of course, belonged to Smoyer, he sent him a Crescent wheel, claiming it was the wheel he received in trade for Smoyer's equity. On the trial, it appeared that this Crescent wheel had not been returned to plaintiff, Smoyer testifying that, before he had an opportunity to return it, it was seized on an execution against himself by the defendant in this case. But defendant testified that he had never considered that he had a levy on the Crescent wheel. And, also, defendant offered testimony tending to show that the Crescent bicycle was worth very little. The theory upon which the verdict was directed appears to have been that Smoyer, by retaining the Crescent wheel, estopped himself from claiming the Columbia.

This case is a very peculiar one. It does appear on the record that, after the commencement of the replevin suit in this case, the Crescent wheel was tendered to the plaintiff. But was this necessary in the first instance? Under the theory of the defendant, Mr. Smoyer became the absolute owner of the Columbia bicycle the moment it was received into the possession of plaintiff. How has he been divested of that ownership? Does it lie with plaintiff to say: "True, the property was yours absolutely. By a trick, I placed in your possession a piece of property which was not yours. Thereby you have become the conditional owner of the property in your possession, and I am the conditional owner of your property, and this without your knowledge or consent." We are cited to no case which sustains this ruling. It is not like a case where there is a contract by which one vests a title in another, or a right to possession, and which contract may be avoided for fraud. In this case there was never a purpose, for one moment, to vest

plaintiff with the title to this Columbia bicycle. If plaintiff had gone to Smoyer's premises, taken a horse from his stable, and left another horse there in his stead, we do not think Smoyer would be bound to tender to plaintiff the horse left in his possession before bringing an action to recover his own property.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.