W. C. DOWD v. W. E. HOLBROOK.

(Filed 11 May, 1910.)

**1. Principal and Agent—Agents—Purchasers—Principal's Business—Title.**

The title to property purchased by an agent which he is authorized to purchase for his principal, and used in the business of the latter, vests in the principal.

**2. Principal and Agent—Purchaser for Principal—Title.**

The title to property purchased by an agent with his own funds for his principal's business, of which agent has charge, vests in the principal.

**3. Same—Principal's Liability.**

The principal is liable to the agent for the value of goods purchased by the latter personally, but under circumstances which vests the title to the goods purchased in the former.

APPEAL from *Councill, J.,* at November Term, 1909, of CATAWBA.

Civil action, brought to recover possession of a newspaper, called *"The Hickory Democrat,"* together with the printing plant described in the complaint.

These issues were submitted:

1. Is the plaintiff the owner and entitled to the possession of the property described in the complaint? Answer: Yes.

2. What is the value of the property described in the complaint? Answer: $1,800.

From the judgment rendered defendant appealed.

*Witherspoon & Witherspoon, McNinch & Justice* and *W. C. Feimster* for plaintiff.

*E. B. Cline, W. A. Self* and *C. L. Whitener* for defendant.

BROWN, J. An examination of the pleadings and evidence shows quite clearly that the controversy involves almost exclusively a question of fact, and that it is settled against the defendant by the verdict of the jury.

We are of opinion that the numerous exceptions are without merit and that a discussion of them is unnecessary.

The case of defendant is based largely upon the theory that he purchased certain additions to the newspaper equipment and paid for them out of his own funds, and that he was a part owner with the plaintiff. The plaintiff claims that defendant was his agent and in charge of the business, and that he purchased such additions for plaintiff, and while he may have a debt against plaintiff, the property became that of the plaintiff.

There is evidence to prove that the printing plant in question was from time to time added to and paid for out of the proceeds of the business; that the defendant was managing agent of the plaintiff, and that he made some purchases for this plant out of his own funds.

His Honor, we think, clearly and correctly instructed the jury on this feature of the case. It is well established that where an agent purchases, for himself, property he is authorized to purchase for his principal, that the title to the same immediately vests in the principal. *Deep River Gold Mining Co. v. Fox,* 39 N. C., 61; *Carroll v. McKale,* 69 N. W., 644; *Edwards v. Dobley,* 24 N. E., 827; *Bergner 'v. Bergner,* 67 Atl., 999; Cyc., vol. 31, p. 1471.

The principle is equally true where the agent makes such purchase with his own private funds for the principal's benefit. Cyc., vol. 31, page 1441; *Bergner v. Bergner,* 67 Atl., 999; *Oliver v. Kastor,* 101 S. W., 563.

The defendant handed up three prayers for instruction, which were given by the court and upon which the defense was based. After reading them to the jury his Honor stated clearly and correctly: "I conceive that to be the law, gentlemen of the jury, that where two people are joint owners of a piece of property neither one can maintain an action for the exclusive possession against the other. So if the plaintiff has failed to satisfy you that he is the sole owner of the property, then, whatever his rights may be as a partner, you should answer the first issue 'No.' "

We think the case has been well and fairly tried, and we are unable to find any error in the record of which the defendant can justly complain.

No error.