DANNY RAY COLEMAN AND SANDRA J. COLEMAN v. NORMAN F. SHIRLEN, JR. AND WIFE, JESSIE SHIRLEN, NORMAN SHIRLEN, SR., AND WIFE, REBA SHIRLEN AND RONALD ALBERT SHIRLEN

No. 8026SC1074

(Filed 1 September 1981)

**Conspiracy § 2.1; Contracts § 20— conspiracy to abduct child—breach of separation agreement—sufficiency of evidence**

 In an action to recover damages arising from an alleged civil conspiracy to abduct and the subsequent abduction of the minor child of one plaintiff and one defendant where plaintiff alleged that the parents' separation agreement provided that plaintiff was to have custody of the child, the trial court erred in entering summary judgment for defendants where they did not meet their burden of establishing that no genuine issue existed as to any material fact, and there was no merit to defendants' contention that a breach of the separation agreement by plaintiff mother would excuse performance by defendant father, since the language of the agreement implied that the promises contained therein were intended to be mutually independent, and failure to per-

form an independent promise does not excuse nonperformance on the part of the other party.

APPEAL by plaintiffs from *Burroughs, Judge.* Order entered 26 June 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 May 1981.

Plaintiffs brought this action seeking damages arising from an alleged civil conspiracy to abduct and the subsequent abduction of the minor child of plaintiff Sandra J. Coleman and defendant Norman F. Shirlen, Jr. In their verified complaint, plaintiffs alleged that Sandra Coleman and Norman Shirlen, Jr. were married in 1965 and that Martyn Ryan Shirlen was born to the marriage on 14 October 1971. Sandra Coleman and Norman Shirlen, Jr. separated in 1974 and entered into a separation agreement providing that Coleman was to have custody of the child, Martyn. Coleman and Shirlen, Jr. obtained a divorce in 1975 and by order of a judge of the South Carolina family court, Coleman was granted the exclusive care and custody of the child. Plaintiffs further alleged the following:

8. That on or about October 4, 1977, without the knowledge, consent or permission of the Plaintiffs, and in violation of existing Court Orders and Contractual Agreements between the parties, the Defendant Norman F. Shirlen, Jr., conspired with and was assisted by the active participation of the Defendant Jessie Shirlen, the Defendant Ronald Albert Shirlen, the Defendant Norman Franklin Shirlen, Sr., and the Defendant Reba Shirlen, and together the named Defendants abducted Martyn Ryan Shirlen from White Hall Elementary School, Anderson, South Carolina, and thereafter removed him from the jurisdiction of the State of South Carolina to a place unknown to these Plaintiffs.

9. That the abduction of Martyn Ryan Shirlen and his removal from the State of South Carolina was an unlawful act perpetrated by the Defendant Norman F. Shirlen, Jr., his wife, Jessie Shirlen, and the Defendant Ronald Albert Shirlen, the Defendant's brother.

10. That the Defendant Norman F. Shirlen, Sr. and wife, Reba Shirlen, actively participated in said abduction and thereafter assisted and aided Norman Shirlen, Jr. and wife, Jessie Shirlen in removing said child from the custody of these Plaintiffs in violation of contractual agreements and Orders of the Courts of the State of South Carolina.

11. That demand has been made by the Plaintiffs upon the Defendants named herein for the return of Martyn Ryan Shirlen but that all Defendants have willfully refused to return said minor child.

The whereabouts of Martyn, Shirlen, Jr. and Jessie Shirlen have been unknown to plaintiffs since 4 October 1977.

Defendants Norman Shirlen, Jr. and Jessie Shirlen did not answer or otherwise plead to the complaint. In their answer, defendants Norman Shirlen, Sr., Reba Shirlen, and Ronald Albert Shirlen denied the existence of the South Carolina court order as it related to the custody of the child, denied the allegations concerning the conspiracy and alleged abduction, alleged a breach of the separation agreement by plaintiffs prior to October, 1977, and moved to dismiss the complaint for failure to state a claim upon which relief could be granted.

After the pleadings were joined, defendants, Norman Shirlen, Sr., Reba Shirlen, and Ronald Albert Shirlen, moved to dismiss for failure to state a claim upon which relief might be granted and for summary judgment. In addition to the pleadings, the trial judge considered the following in ruling on the motion: (1) the separation agreement entered into in August 1974 providing *inter alia* that "the Wife shall have the sole and exclusive custody" of Martyn; (2) the order of the South Carolina family court setting out Shirlen, Jr.'s visitation rights with regard to Martyn; (3) defendants' affidavit stating *inter alia* that Shirlen, Sr. and Reba Shirlen are the parents of Shirlen, Jr.; and (4) interrogatories and depositions of defendants indicating that on 30 June 1977, Shirlen, Jr. and Jessie Shirlen executed and delivered powers of attorney to Shirlen, Sr. and that Shirlen, Sr. has utilized the powers of attorney since October 1977 to manage his son's and daughter-in-law's affairs in their absence, that subsequent to the alleged abduction, the only contact between Shirlen, Jr., Jessie Shirlen and the other three defendants has been two telephone calls to

Shirlen, Sr. from his son from locations unknown, and that when asked about his participation in the alleged abduction, Ronald Albert Shirlen has refused to answer on the grounds that such answers might subject him to criminal liability. Subsequent to his ruling, the trial judge allowed plaintiffs' motion to amend the record to include a document, an application for renewal of an electrical contractor's license, signed by both Shirlen, Sr. and Shirlen, Jr., which was received by the State Board of Examiners of Electrical Contractors in June 1980.

In its ruling, the trial court granted Shirlen, Sr.'s, Reba Shirlen's, and Ronald Albert Shirlen's motions to dismiss for failure to state a claim for relief pursuant to G.S. 1A-1, Rule 12(b)(6), and their motions for summary judgment pursuant to G.S. 1A-1, Rule 56. Plaintiffs have appealed.

*W. J. Chandler for plaintiff-appellant.*

*Michael P. Carr for defendants-appellees.*

WELLS, Judge.

Plaintiffs first assign error to the granting by the trial judge of the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. G.S. 1A-1, Rule 12(b) provides, however, that if "matters outside the pleading are presented to and not excluded by the court, the [Rule 12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." *See Smith v. Smith*, 17 N.C. App. 416, 420-21, 194 S.E. 2d 568, 570 (1973). The trial court's order indicates that it was "[b]ased on the matters presented to the Court, which consisted of the documentary evidence in the Court's file and the statements of counsel . . . ." As the record before us indicates that matters outside the pleadings were presented and not excluded by the trial judge, we must view defendants' motion to dismiss for failure to state a claim for relief as a motion for summary judgment. Thus we consider only plaintiffs' second assignment of error which was to the trial judge's order allowing defendants' motion for summary judgment.

Plaintiffs' cause of action was based on an alleged civil conspiracy to abduct the child, Martyn Ryan Shirlen, whose custody was vested in plaintiff Sandra Coleman under a separation agree-

ment between Sandra Coleman and Norman Shirlen, Jr. A conspiracy is an agreement between two or more individuals to commit an unlawful act or to do a lawful act in an unlawful manner. *Dickens v. Puryear*, 302 N.C. 437, 456, 276 S.E. 2d 325, 337 (1981); *Evans v. GMC Sales*, 268 N.C. 544, 546, 151 S.E. 2d 69, 71 (1966). To recover under this cause of action, plaintiffs must prove the existence of the agreement between the defendants, that one or more of the conspirators committed an overt, tortious act in furtherance of the conspiracy, and that plaintiffs suffered damages caused by acts committed pursuant to the conspiracy. *Dickens v. Puryear, supra; Reid v. Holden*, 242 N.C. 408, 414-415, 88 S.E. 2d 125, 130 (1955).

On a motion for summary judgment, however, the burden on the moving party is to establish that there is no genuine issue as to any material fact remaining to be determined. *Blue Jeans Corp. v. Pinkerton, Inc.*, 51 N.C. App. 137, 138, 275 S.E. 2d 209, 211 (1981). The burden shifts to the non-moving party to either show that a genuine issue of material fact exists or provide an excuse for not so doing, only if the movant carries its burden by showing that an essential element of the opposing party's claim is non-existent. *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 656, 267 S.E. 2d 584, 586 (1980).

The evidence presented to the trial court by defendants on the issues of the alleged conspiracy, abduction and resulting damage to plaintiffs, consists of an answer and affidavit verified by defendants Norman Shirlen, Sr., Reba Shirlen, and Ronald Albert Shirlen. These defendants have clearly not met their burden of establishing that no genuine issue exists as to any material facts. Lacking an adequately supported motion for summary judgment by defendants on these issues, we need not determine whether plaintiffs produced facts, as distinguished from allegations, sufficient to indicate that at trial they could prove, circumstantially or otherwise, the existence of an agreement between defendants to commit the unlawful act of abduction. *See Dickens v. Puryear, supra; Edwards v. Ashcraft*, 201 N.C. 246, 159 S.E. 355 (1931).

Defendants' answer and affidavit allege and describe a material breach by plaintiffs of the separation agreement. The general rule governing bilateral contracts requires that if either

party to the contract commits a material breach of the contract, the other party should be excused from the obligation to perform further. 6 Williston, Contracts § 864, at 290 (3d ed. 1962). Thus, if no valid contract grants custody of the minor child to the mother, then the father's common law right to control his minor child might render the father's abduction of that child legal. *See La Grenade v. Gordon,* 46 N.C. App. 329, 264 S.E. 2d 757, *app. dismissed,* 300 N.C. 557, 270 S.E. 2d 109 (1980); 3 Lee, N.C. Family Law § 243, at 129-32 (1963). Although defendants' allegations are not contradicted by plaintiffs' papers filed in response to defendants' motion, paragraph 12. of the separation agreement between the parties provides as follows:

> 12. It is mutually agreed and understood that either party hereto shall have the right to compel the performance of this Agreement, or sue for breach thereof, in the Courts where jurisdiction of the parties hereto may be obtained.

This contractual language implies that the promises contained in the separation agreement were intended to be mutually independent. Failure to perform an independent promise does not excuse nonperformance on the part of the other party. 6 Williston, Contracts § 817, at 32 (3d ed. 1962). Thus the language of the contract itself controverts defendants' assertion that plaintiffs' breach was material. Whether or not plaintiffs' breach was material is a genuine issue of material fact remaining to be determined. *See* Calamari and Perillo, Contracts § 11-22, at 409 (1977). In their papers offered in support of their motion for summary judgment, defendants Norman Shirlen, Sr., Reba Shirlen, and Ronald Albert Shirlen have not succeeded in demonstrating that plaintiffs' claim is unfounded as to them or that it has a fatal weakness. *Gregory v. Perdue, Inc., supra.* All of the elements of plaintiffs' claim set forth in their complaint and put at issue by these defendants' answer remain as genuine issues of material fact in the action, to be determined by the triers of fact. We hold that it was error to grant defendants' motion for summary judgment.

Reversed.

Judges HEDRICK and MARTIN (H.) concur.