**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-1090**

─────────────

P.R. CHUNK, INCORPORATED; PAUL WESTMEYER,

                                        Plaintiffs - Appellants,

        versus

MARTIN MARIETTA MATERIALS, INCORPORATED,

                                        Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (CA-02-210-5-BO)

─────────────

Argued:  February 2, 2006            Decided:  March 8, 2006

─────────────

Before MOTZ and TRAXLER, Circuit Judges, and Henry E. HUDSON, United States District Judge for the Eastern District of Virginia, sitting by designation.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ARGUED:** Joseph W. Westmeyer, III, WESTMEYER LAW OFFICES, Toledo, Ohio, for Appellants.  Donald Earl Knebel, BARNES & THORNBURG, Indianapolis, Indiana, for Appellee.   **ON BRIEF:** Joseph W. Westmeyer, Jr., WESTMEYER LAW OFFICES, Toledo, Ohio; Peter J. Sarda, WALLACE, CREECH & SARDA, L.L.P., Raleigh, North Carolina, for Appellants.  Daniel G. Cahill, Julie W. Hampton, POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

P.R. Chunk, Inc. and Paul Westmeyer (collectively, "Plaintiffs") entered into a Technology Transfer Agreement (the "Agreement") with Martin Marietta Materials, Inc. ("Martin Marietta") to develop and market patented microwave technology used in the removal of hardened concrete. After a dispute arose concerning the payment of royalties, the parties sued each other for breach of contract and fraud. Plaintiffs recovered nothing at trial and now appeal. We affirm.

I.

In the Agreement, Plaintiffs transferred ownership of domestic patent rights in their technology to Martin Marietta.[1] Martin Marietta agreed to pay Plaintiffs minimum royalties for the first five years of the Agreement. In turn, Plaintiffs warranted that the technology would "remove hardened concrete from metal containers, including concrete trucks, at an average rate of one (1) cubic yard per hour using reasonably optimized microwave generator wattage and ancillary equipment." J.A. 39. Martin Marietta also paid for an option to acquire Plaintiffs' international patent rights. The Agreement granted Martin Marietta

_____

[1]For simplicity, we refer to "Plaintiffs'" rights and obligations in the Agreement, even though the Agreement distinguishes between the two plaintiffs in this case, P.R. Chunk, Inc. and Paul Westmeyer. For purposes of our discussion, this distinction is not relevant.

the right and discretion to file patent applications in foreign countries prior to exercising the option. After paying the first year of minimum royalties, Martin Marietta claimed the technology would not work as Plaintiffs warranted and ceased any further payment of royalties, prompting this litigation.

The parties litigated several issues in the district court, but only a few are germane to this appeal. First, Plaintiffs argue that the district court should have granted them judgment as a matter of law on their claim for minimum royalties. Second, they contend that the district court improperly ruled that Martin Marietta had not exercised the option for international patent rights. Finally, Plaintiffs submit that the district court should not have awarded costs to Martin Marietta.

II.

We first address Plaintiffs' argument that the district court should have granted their motion for judgment as a matter of law on the issue of minimum royalties. We review de novo the district court's decision, viewing the evidence in the light most favorable to the nonmoving party. See Babcock v. BellSouth Adver. & Publ'g Corp., 348 F.3d 73, 76 (4th Cir. 2003).

Martin Marietta agreed to two alternative royalty structures. Under the first scenario, found in section 3.1 of the Agreement, Martin Marietta would pay Plaintiffs a percentage of gross revenue

4

generated from the sale of units employing the technology after attaining a certain sales volume. The alternative royalty structure provided for "minimum" royalties in the event of insufficient sales. These minimum royalties, covered in section 3.2 of the Agreement, were due annually for the first five years of the Agreement. The parties agree that Martin Marietta never sold any units employing the technology. As a result, Plaintiffs only sought minimum royalties under section 3.2.

In section 12.5 of the Agreement, Plaintiffs expressly represented and warranted that their technology "will remove hardened concrete . . . at an average rate of one (1) cubic yard per hour." J.A. 39. Furthermore, section 3.3 of the Agreement explained that, if the rate of removal Plaintiffs warranted in section 12.5 could not be "maintained," the previous royalty structures would no longer apply and the parties would be required to meet and renegotiate in good faith a new royalty structure. J.A. 26.

Plaintiffs argue on appeal that the district court should have granted judgment as a matter of law in their favor and awarded minimum royalties. They explain that, as long as Martin Marietta owned the domestic patent rights, it owed minimum royalty payments under section 3.2.

We disagree. As an initial matter, Plaintiffs never moved for judgment as a matter of law on this issue prior to sending the case

5

to the jury.  Their failure precludes our review.  <u>See</u> Fed. R. Civ.
P. 50(a)(2) ("Motions for judgment as a matter of law may be made
at any time <u>before</u> submission of the case to the jury.") (emphasis
added); <u>Pittman v. Grayson</u>, 149 F.3d 111, 120 (2d Cir. 1998) ("Rule
50(a) requires that, to be timely, the motion for judgment as a
matter of law must be made 'before submission of the case to the
jury.'") (quoting rule).

Additionally, Plaintiffs did not object to the jury
instructions or the jury verdict form, which clearly prohibited
Plaintiffs from recovering any minimum royalties under section 3.2
of the Agreement if the jury found a breach of Plaintiffs'
warranty.  We therefore agree with the district court that
Plaintiffs cannot raise this argument.

Even if we consider this issue on its merits, the jury found
that Plaintiffs breached their warranty under sections 3.3 and 12.5
of the Agreement.  There was ample evidence to support such a
finding.  Plaintiffs' breach was material and excused Martin
Marietta from further performance under the Agreement.  <u>See</u> <u>Coleman
v. Shirlen</u>, 281 S.E.2d 431, 434 (N.C. Ct. App. 1981) ("The general
rule governing bilateral contracts requires that if either party to
the contract commits a material breach of the contract, the other
party should be excused from the obligation to perform further.").[2]

_____

[2]The parties agree that North Carolina law governs the
Agreement.

6

Moreover, as Plaintiff Westmeyer admitted at trial, if the warranted rate of removal could not be "maintained" as stated in section 3.3, the previous royalty structures under sections 3.1 (sales-based royalties) and 3.2 (minimum royalties) would no longer apply.  J.A. 26, 335.  In other words, the jury's finding of a breach of the warranty precludes any claim to minimum royalties under section 3.2.

Thus, we find no error in the district court's denial of Plaintiffs' motion for judgment as a matter of law.

## III.

We now turn to Plaintiffs' argument that the district court should not have granted judgment as a matter of law to Martin Marietta on Plaintiffs' claim concerning the international patent rights option.

In section 4.1 of the Agreement, Plaintiffs granted Martin Marietta an option to acquire any rights to the patented technology in foreign countries, which the parties generally refer to as "international patent rights."  Martin Marietta agreed to pay additional royalties to Plaintiffs if it exercised the option.  The Agreement allowed Martin Marietta to file patent applications in foreign countries before exercising the option.

Plaintiffs contend that Martin Marietta's "ownership" of certain foreign patents indicated its intention to exercise the

7

option. This argument fails. The Agreement allowed Martin Marietta "sole control and discretion" to file foreign patent applications, and such foreign filings would not be an exercise of the option. For example, the Agreement required Martin Marietta to give Plaintiffs notice of the countries where it had filed applications. The deadline for this notice fell well before the deadline for exercising the option, meaning that Martin Marietta's pursuit of foreign patent applications would not necessarily trigger an exercise of the option. In fact, the parties extended the deadline for exercising the option even after Martin Marietta had begun foreign patent prosecution, confirming that Martin Marietta's conduct could not be considered an exercise of the option. Furthermore, Martin Marietta's prosecution of the foreign patents in its own name did not manifest an intention to exercise the option, especially where the foreign patent offices required such a practice for Martin Marietta to have standing.

Under the circumstances, Martin Marietta's conduct did not amount to an exercise of the option. As such, there was "no legally sufficient evidentiary basis" for a reasonable jury to find for Plaintiffs on this issue, and the district court properly granted judgment as a matter of law to Martin Marietta. Fed. R. Civ. P. 50(a).[3]

---

[3]This conclusion renders moot Plaintiffs' argument that the district court improperly limited their potential damages on this claim prior to trial.

IV.

Finally, Plaintiffs argue that the district court should not have awarded costs to Martin Marietta. Rule 54(d)(1) of the Federal Rules of Civil Procedure grants district courts the authority to allow "costs other than attorneys' fees . . . as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). We have explained that, "in the ordinary course, a prevailing party is entitled to an award of costs." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994); see also Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990) ("[T]he award of costs to the prevailing party is a matter firmly in the discretion of the trial court. However, we have previously declared that district courts may not depart from the 'normal practice' of awarding fees to the prevailing party without first articulating some good reason for doing so.").

Plaintiffs contend that Martin Marietta was not a prevailing party because it did not prevail on its counterclaims. However, a party need not prevail on every issue to be considered a prevailing party. See Bly v. McLeod, 605 F.2d 134, 137 (4th Cir. 1979). Martin Marietta prevailed in its defense of Plaintiffs' claims, and we find no abuse of discretion in the district court's award of costs to Martin Marietta.

V.

For the foregoing reasons, we affirm the decision of the district court.

AFFIRMED